**The below described is SIGNED.**

**Dated: May 25, 2014**





**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re: | **Bankruptcy No. 13-34235** |
| KURT COTANT | **Chapter 13** |
| Debtor; | **Chief Judge William T. Thurman** |
| In re: | **Bankruptcy No. 13-34268** |
| DANNIE DAVIDSON | **Chapter 13** |
| Debtor. | **Chief Judge William T. Thurman** |

**MEMORANDUM DECISION**

The matter before the Court is the Chapter 13 Trustee's Objection to Confirmation of Plan, specifically an objection to Kurt Cotant's and Dannie Davidson's request for "special notice" (the "Objection").[1]  Kurt Cotant and Dannie Davidson (collectively the "Debtors") are represented by David M. Cook in two separate bankruptcy cases, Case No. 13-34235 and Case No. 13-34268, respectively.  Mr. Cook filed two separate, but identical, requests for "special notice," indicating that, pursuant to Federal Rule of Bankruptcy Procedure 2002, Debtors, in addition to Mr. Cook, wish to

---

[1] The Court uses the term "Objection" to refer to the Chapter 13 Trustee's Objection to Confirmation of Plan filed in both Case No. 13-34235 (Docket No. 17, ¶ 4) and Case No. 13-34268 (Docket No. 14, ¶ 3).

be personally served with all pleadings and documents filed in their respective cases (the "Request").[2] In the Objection, the Chapter 13 Trustee (the "Trustee") argues that the Request is: (1) administratively burdensome; and (2) an apparent attempt by Mr. Cook to shift the burden of notice from himself to the Trustee and creditors. Aside from the two cases before the Court, Mr. Cook has filed the Request in multiple cases, and, as is true here, the Objection to the Request has not served as a bar to plan confirmation.

The Court conducted a hearing on the Objection on March 19, 2014. Kevin R. Anderson, the Trustee, appeared on behalf of himself and Tami Gadd-Willardson appeared on behalf of the Trustee. David M. Cook appeared on behalf of the Debtors. The Court has reviewed and considered the parties' arguments and submissions and has conducted its own independent research of the relevant case law. The Court issues the following Memorandum Decision, which constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 9014 and 7052.

**I.     BACKGROUND**

Debtors obtained the services of Mr. Cook prior to filing for Chapter 13 relief. Mr. Cook is a registered electronic filer with the Court, and, as a registered electronic filer, he receives notice of all documents filed through the Court's electronic filing system.[3] In addition to the notice received

---

[2] The Court uses the term "Request" to refer to the Debtors' requests for special notice filed in both Case No. 13-34235 (Docket No. 16) and Case No. 13-34268 (Docket No. 9).

[3] At the end of each business day, the Clerk of Court sends out a daily summary report to each registered electronic filer of all new pleadings or documents in each case where the electronic filer has made an appearance. A registered electronic filer can elect to receive instantaneous notice of any new filing at no additional cost by changing his or her email preference to receive notice of each filing rather than the daily summary.

by Mr. Cook, the Debtors filed the Request, which asks that the Debtors receive separate and additional notice at their respective homes of record:

> [O]f all events relevant to the . . . bankruptcy and copies of all pleadings or documents filed in relation to the . . . bankruptcy, including all pleadings or notices under Federal Rules of Bankruptcy Procedure, Rule 2002, the commencement of any adversary proceedings, the filing of any requests for hearing, ***objections, responses and replies***, and/or notices of motion, or any other auxiliary filings, as well as notice of all matters which must be noticed to creditors, creditors committees and parties-in-interest and other notices as required by the United States Bankruptcy Code and Rules and/or Local Rules of the . . . bankruptcy court.[4]

Mr. Cook drafted the Request based on a notice request filed by creditors in other cases.

  a.  *Ms. Davidson's Chapter 13 Case*

On December 27, 2013, Ms. Davidson filed for Chapter 13 relief (the "Date of Petition") and filed the Request.[5] The Trustee filed the Objection on February 7, 2014,[6] and Ms. Davidson responded on February 13, 2014.[7] Subsequently, the Trustee filed a continuing objection to the confirmation of the plan, which was not served personally on Ms. Davidson, but rather on Mr. Cook

---

[4] Docket Nos. 9 (Case No. 13-34268) and 16 (Case No. 13-34235) (emphasis in originals).

[5] Docket Nos. 1 and 9 (Case No. 13-34268).

[6] Docket No. 14, ¶ 3 (Case No. 13-34268).

[7] Docket No. 15 (Case No. 13-34268).

only.[8] The continuing objection did not list any new issues, but simply restated the outstanding issues from the Objection. The continuing objection was withdrawn on March 7, 2014, and Ms. Davidson's Chapter 13 plan was confirmed by consent.[9]

    *b.*    *Mr. Cotant's Chapter 13 Case*

Mr. Cotant filed for Chapter 13 relief on December 26, 2013,[10] and filed a Chapter 13 plan on January 23, 2014.[11] Mr. Cotant filed the Request on January 31, 2014.[12] The Trustee filed the Objection on February 6, 2014.[13] Mr. Cotant responded to the Objection on February 13, 2014,[14] and the Trustee filed a continuing objection on February 25, 2014, which listed one new issue: the Trustee noted that he was reviewing the Mr. Cotant's response to his Objection regarding the Request.[15] The continuing objection was served on Mr. Cook, not on Mr. Cotant personally. At the first confirmation hearing on March 11, 2014, the hearing was continued, and Mr. Cotant was ordered to comply with the Trustee's request for a Rule 2004 examination. As of March 23, 2014,

---

[8] Docket No. 17 (Case No. 13-34268).

[9] Local Rule 2083-1(j)(3) allows for the trustee to recommend confirmation of a plan without a hearing. If the Court agrees, the confirmation hearing may be stricken and an order confirming the plan may be entered.

[10] Docket No. 1 (Case No. 13-34235).

[11] Docket No. 12 (Case No. 13-34235).

[12] Docket No. 16 (Case No. 13-34235).

[13] Docket No. 17, ¶ 4 (Case No. 13-34235).

[14] Docket No. 20 (Case No. 13-34235).

[15] Docket No. 22 (Case No. 13-34235) ("The Trustee is in receipt of the Debtor's Response to Trustee's Docket No. 17, Paragraph 4 Objection to Confirmation Regarding Docket No. 16 Request for Notice by Debtor. The Trustee has this response under review.").

Mr. Cotant's plan had yet to be confirmed.

## II. JURISDICTION

Section 1334(a) of title 28 gives original and exclusive jurisdiction of all cases under title 11 to the district court. Under 28 U.S.C. § 157(a), the district court may refer all cases under title 11 to the bankruptcy court,[16] a unit of the district court.[17] The jurisdiction of district courts, and bankruptcy courts as units of the district courts, is limited to cases and controversies.[18] A party may only invoke the Court's jurisdiction if the party has standing,[19] which requires, at a minimum, that the party seeking federal jurisdiction allege: (1) an injury in fact; (2) causation; and (3) redressability.[20] An injury need not yet have occurred, but must be "certainly impending."[21]

Here, regardless of the Request, the Trustee sent his initial objection to confirmation to both Debtors and Mr. Cook, but did not send the continuing objection to confirmation to the Debtors personally. The Objection has not served as a bar to confirmation of the Debtors' respective plans.[22]

---

[16] 28 U.S.C. § 157; *see also* DUCiv R 83-7.1 ("[A]ny and all cases under Title 11 and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for the District of Utah.").

[17] 28 U.S.C. § 151.

[18] U.S. Const. Art. III, § 2. *See, e.g.*, Bucchino v. Wells Fargo Bank, N.A. (In re Bucchino), 439 B.R. 761, 768 (Bankr. D.N.M. 2010).

[19] *See In re Steinberg*, 498 B.R. 391, *1 (Table) (B.A.P. 10th Cir. 2013) ("[A]s in any other civil proceeding, [the moving party] must demonstrate standing to invoke the court's jurisdiction.").

[20] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992).

[21] *See Clapper v. Amnesty Intern. USA*, 133 S. Ct. 1138, 1143 (2013) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).

[22] The Trustee explained that he has objected to the Request in multiple cases over the past year, all filed by Mr. Cook; however, the objections have not barred confirmation.

There is no injury. Further, as testified by the Trustee, the Debtors will receive notice of any disposition of their case as provided for in the Federal Rules of Bankruptcy Procedure and Local Rules of Practice of the United States Bankruptcy Court for the District of Utah, thus there is no certain impending injury. The Debtors simply wish to add a new noticing requirement that is not provided for in the Bankruptcy or Local Rules. The Debtors fail to establish an injury, and thus do not have standing. Accordingly, this Court does not have jurisdiction.[23]

Notwithstanding this conclusion, the Court, in the alternative, sustains the Objection on the merits and provides the following analysis.

## III. ANALYSIS

### a. *Position of the Parties*

At oral argument on this matter, the Debtors contend that although Mr. Cook receives notice as the Debtors' counsel, the lack of direct notice to the Debtors causes an undue delay, thus resulting in a violation of the Debtors' right to due process. For example, Mr. Cook, in referencing cases not at issue, argues that if the Trustee were to be required to send the continuing objections directly to his clients, his clients would be better prepared for the confirmation hearing. Mr. Cook believes that the delay between electronically receiving notice and then having to contact his clients hinders his clients from being able to properly resolve the ongoing issues before confirmation. By analogy, Mr. Cook also refers to a case where he received notice of a pretrial settlement conference, but his client

---

[23] At oral argument, it appeared to the Court that Mr. Cook desires a change in the Trustee's policies and procedures. The Court will only address the two cases before it, and, if Mr. Cook does seek a broad policy change in the Chapter 13 Trustee's Office, the Court would further question whether it had jurisdiction over such a matter. *Cf. Dunivent v. Schollett (In re Schollett)*, 980 F.2d 639, 644–645 (10th Cir. 1992) (declining to permit judicial review of standing trustee's fees, and noting that the appropriate review would be through the Executive Branch, not the Judicial Branch).

did not personally receive notice, thus resulting in his client's failure to appear and the Court continuing the matter. Mr. Cook admits that his office failed to contact his client, but he contends that if the opposing party had sent notice directly to the debtor, the issue would not have arisen and would have saved the Court's and opposing counsel's time.

If the Court does not find a violation of the Debtors' due process rights, the Debtors argue that there is a violation of their Fifth Amendment right to equal protection. The Debtors reason that if a creditor has the ability to designate an address to be served pursuant to 11 U.S.C. § 342(e) and Federal Rule of Bankruptcy Procedure 2002(g)(1) and a debtor cannot, then there is a violation of their equal protection rights. Therefore, Debtors requests that the Court recognize the Request, that the Chapter 13 Trustee change his procedures by sending notice of all filings directly to the Debtors, and that creditors be required to comply with the Request.

The Trustee argues that he is in compliance with all Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and the Local Rules of Practice of the United States Bankruptcy Court for the District of Utah ("Local Rules"), and that notice is reasonably calculated under all the circumstances to allow for the Debtors to stay apprised of their cases and to provide the Debtors an opportunity to respond. The Trustee testified that his office sends Chapter 13 debtors additional documents that are not required under the Bankruptcy or Local Rules, such as initial objections to confirmation of the plan, objections to claimed exemptions, preliminary reports of claims, and the final reports of claims. The Trustee finds that sending these particular documents to debtors and their counsel is beneficial in the process of confirming a plan and keeping debtors abreast of their Chapter 13 cases.[24]

---

[24] The Trustee also noted that other attorneys for Chapter 13 debtors have requested that the Trustee not send additional documents, such as the continuing objections to confirmation, because it confuses their clients and does not assist in the process of confirmation.

7

The Trustee also testified that, as required by 11 U.S.C. § 1302(b)(4), he provides assistance and advises debtors other than on legal matters. The Trustee's office provides resources to debtors such as instructions on what a debtor needs to bring to a 341 meeting, how to tender an initial plan payment, round-the-clock case information through a national website (which website data includes payments received and disbursements made to creditors), notice of delinquent payments, an electronic payment system to make monthly plan payments, electronic payment reminders, and a phone number debtors may call to learn about the status of their case.

The Trustee argues that the Request will not assist the bankruptcy system, but would rather add an administrative burden on the Trustee's office[25] and would create an additional noticing defense for Debtors when a creditor complied with the Bankruptcy and Local Rules but failed to notice the unique Request. The Trustee emphasizes that the Bankruptcy and Local Rules are public knowledge, and, with more than 11,000 Chapter 13 cases pending in the District of Utah, a creditor should not be burdened by the Requests that are not statutorily supported or required by the Bankruptcy Rules, especially when the Debtors have provided no special circumstances that would merit such additional notice. Lastly, the Trustee believes that the Debtors' argument regarding equal protection is unfounded.

    b.    *The Request and Due Process*

The Due Process Clause of the Fifth Amendment provides that federal courts cannot deprive a person "of life, liberty, or property, without due process of law."[26] Due process requires that an

---

[25] The Trustee argued in his Objection that there would be an administrative burden to his office; however, at oral argument the Trustee did not pursue this argument.

[26] U.S. Const. amend. V.

individual receive proper notice and be provided an opportunity to be heard.[27] The individual must be "informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest."[28] To satisfy due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections . . . . The means employed must be such as one desirous of actually informing the absentee. . . ."[29]

The Debtors emphasize that the Bankruptcy and Local Rules include the "debtor" either explicitly or as a party in interest that must receive notice, and thus their Request is founded on regulatory grounds. The Trustee argues that the Bankruptcy and Local Rules do not require that the Debtors be personally served by the Trustee or creditors of *all* filings, such as the Trustee's continuing objections to confirmation of a plan. In the alternative, the Debtors argue that, even if all documents are not required to be sent directly to debtors under the Bankruptcy and Local rules, the Trustee arbitrarily chooses which documents to send directly to the Debtors, thus violating the Debtors' due process rights. The Trustee disagrees, and he testified that the continuing objection serves as a tool to comply with his duties under 11 U.S.C. § 1302(b) and to assist the debtor's counsel or the debtor, if not represented by counsel, in confirmation of the plan. The Trustee further contends that he is in compliance with the Bankruptcy and Local rules and that, in his experience, direct service of the continuing objection to debtors, when represented by counsel, is not helpful in achieving confirmation.

---

[27] *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

[28] *Id.*

[29] *Id.* at 314–15.

The Bankruptcy Rules, promulgated by the United States Supreme Court through the Rules Enabling Act[30] are "construed to secure the just, speedy, and inexpensive determination of every case and proceeding."[31] In the context of a Chapter 13 case, the following Bankruptcy Rules provide noticing requirements as to whom notice should be sent: 2002, 3002.1, 3007, 3015, 6007, 7004, 7005, 9013, and 9014.[32] In addition to the Bankruptcy Rules, the following Local Rules mandate additional requirements for notice: 2002-1, 2083-1, 3007-1, 3003-1, 9006-1, 9014-1.[33] The Court focuses on the relevant Bankruptcy Rules 2002, 9014, 7004, and 7005.

Bankruptcy Rule 2002 requires notice to the debtor of particular events and documents, such as notice of the 341 meeting and the time fixed for filing objections.[34] In contested matters,

---

[30] *See* 28 U.S.C. § 2075 ("The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11.").

[31] Fed. R. Bankr. P. 1001.

[32] Omitted rules, such as Rule 6004, provide standards for particular motions, but are not included above because of cross-references to the Bankruptcy Rules already listed.

[33] *See supra* note 30.

[34] Fed. R. Bankr. P. 2002 provides in relevant part:
(a) . . . [T]he clerk, or some other person as the court may direct, shall give the debtor . . . at least 21 days' notice by mail of:
   (1) the meeting of creditors under §341 or §1104(b) . . . ;
   (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business . . . ;
   (3) the hearing on approval of a compromise or settlement of a controversy other than approval of an agreement pursuant to Rule 4001(d) . . . ;
   (5) the time fixed to accept or reject a proposed modification of a plan;
   (6) a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000;
   (7) the time fixed for filing proofs of claims pursuant to Rule 3003(c); and . . . .
(b) . . . [T]he clerk, or some other person as the court may direct, shall give the debtor . . . not less than 28 days' notice by mail of the time fixed . . . for filing objections and the hearing to

Bankruptcy Rule 9014(b) provides in part that "[a]ny paper served *after* the motion [in a contested matter] shall be served in the manner provided by Rule 5(b)."[35] Federal Rule of Civil Procedure 5(b), incorporated through Bankruptcy Rule 7005(b), covers service and filing of pleadings and other papers, and Bankruptcy Rule 7005(b)(1) provides that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."[36]

Here, the Court finds that the Bankruptcy and Local Rules are satisfied. The Clerk of Court sent out a notice of the time and place for the meeting of creditors, the deadlines for filing a proof of claim and for any objections to exemptions, and set the hearing on confirmation in each of the Debtors' cases.[37] The notice sent by the Clerk of the Court was sent to Mr. Cotant and Ms. Davidson

---

consider confirmation of a . . . chapter 13 plan.
(f) . . . [T]he clerk, or some other person as the court may direct, shall give the debtor . . . notice by mail of:
    (1) the order for relief;
    (2) the dismissal or the conversion of the case to another chapter, or the suspension of proceedings under §305;
    (3) the time allowed for filing claims pursuant to Rule 3002;
    (4) the time fixed for filing a complaint objecting to the debtor's discharge pursuant to §727 of the Code as provided in Rule 4004;
    (5) the time fixed for filing a complaint to determine the dischargeability of a debt pursuant to §523 of the Code as provided in Rule 4007;
    (6) the waiver, denial, or revocation of a discharge as provided in Rule 4006; . . .
    (11) the time to request a delay in the entry of the discharge under §§1141(d)(5)(C), 1228(f), and 1328(h). Notice of the time fixed for accepting or rejecting a plan pursuant to Rule 3017(c) shall be given in accordance with Rule 3017(d).

[35] Fed. R. Bankr. P. 9014(b) (emphasis added).

[36] Fed. R. Bankr. P. 7005.

[37] *See* Docket Nos. 6 (Case No. 13-34235) and 12 (Case No. 13-34268).

11

at their homes of record, and Mr. Cook received notice through the Court's electronic filing system.[38] Accordingly, notice was proper under Bankruptcy Rule 2002.

Further, the initial objections filed by the Trustee are contested matters under Bankruptcy Rule 9014, and, pursuant to Bankruptcy rule 7004, both Debtors, in addition to Mr. Cook, personally received notice of the Objection. Although only Mr. Cook was served with the continuing objection filed by the Trustee, under Bankruptcy Rule 9014(b), Mr. Cook's receipt of notice is sufficient to constitute notice to the Debtors. If notice is sent to Mr. Cook, his knowledge is imputed to his clients, and his receipt of notice of filings that are not required to be sent directly to the Debtors is sufficient under the circumstances to constitute notice to the Debtors.[39] When the Request became a contested matter, the Trustee sent notice of his response directly to the Debtors and Mr. Cook pursuant to Rules 9017, 7004, and 7005.[40]

As to the Debtors' alternative argument, when particular documents are not required to be sent directly to the Debtors by the Bankruptcy or Local rules, it is within the purview of the Trustee's business judgment to send or not send those documents, and the Court "will not entertain objections to a trustee's conduct of the estate where that conduct involves a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code."[41]

---

[38] *See Id.* at 3.

[39] *See Chanute Prod. Credit Assoc. v. Schicke (In re Schicke)*, 290 B.R. 792, 802 n.24 (B.A.P. 10th Cir. 2003) ("The law ... imputes the knowledge of the attorney to the client precisely as it imputes the knowledge of the agent ... to his principal.") (citation omitted); *see also* Rule of Professional Conduct 1.4(a)(3).

[40] Docket Nos. 25 (Case No. 13-34268) and 34 (Case No. 13-34235).

[41] *In re Curlew Valley Assoc.*, 14 B.R. 506, 513–14 (Bankr. D. Utah 1981).

The Trustee is in compliance with the Bankruptcy Rules and Local Rules in these cases. The Debtors have provided no evidence of special circumstance that would either render the Trustee's decision to not recognize the Request as a violation of their due process rights or would persuade the Court to order service directly on the Debtors. The practices and procedures of the Trustee in these cases is not an abuse of his business judgment. While managing over 11,000 Chapter 13 cases in the District of Utah, the Court determines that the Trustee has sent reasonably calculated notice under all the circumstances, and the Debtors' due process rights were not violated.

    *c.*    *Equal Protection*

The Debtors argue that 11 U.S.C. § 342(e) and Bankruptcy Rule 2002(g)(1) create a classification that violates the Debtors' rights to equal protection, and are thus unconstitutional.[42] Congress promulgated the bankruptcy laws to offer honest debtors a fresh start, not to create a constitutional right to a bankruptcy discharge.[43] Therefore, because the "[b]ankruptcy laws regulating economic activity do not involve constitutionally protected conduct [], [the bankruptcy laws] are subject to 'a quite lenient test for constitutional sufficiency.'"[44] As such, the Court

---

[42] When a party asserts that an Act of Congress is unconstitutional, the Court must certify the issue to the Attorney General of the United States and allow the Attorney General to intervene. The Court notes that Local Rule 9005.1-1 provides that the Clerk of Court must send notice of any challenge to a statute based on constitutionality. That was not done initially in these cases. However, in preparing this decision, the Court noted the deficiency and has directed the Clerk of Court to certify the claim of unconstitutionality to the Attorney General, and the Court sent out additional notice on April 22, 2014 setting a deadline for the Attorney General to respond. As of May 23, 2014, the Attorney General has not responded, and the Court proceeds with its alternative analysis.

[43] *Stewart v. United States Trustee (In re Stewart)*, 175 F.3d 796, 811 (10th Cir. 1999).

[44] *Id.*

evaluates the Debtors' equal protection claim under a "rational basis" analysis,[45] thus any classification between a debtor and creditor under title 11 or in the Bankruptcy Rules carries a strong presumption of validity.[46] "'In general, the Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification,'" and the party claiming an equal protection violation bears the burden to show that any basis that exists for that classification is not rational.[47]

As provided by 11 U.S.C. § 342(e)[48] and Bankruptcy Rule 2002(g)(1),[49] a creditor may designate an address where notice of the pending case should be sent. These provisions are specific to creditors, and rationally so as creditors and debtors are situated differently in bankruptcy.[50] If a creditor does not elect to designate an address for notice, the creditor's noticing address will be based on the list of creditors or schedule of liabilities produced and provided by the debtor.[51] Although debtors and their counsel in a bankruptcy case undoubtably and presumably make a good faith effort

---

[45] *See United States v. Kras*, 409 U.S. 434, 446 (1973) ("[B]ankrutpcy legislation is in the area of economics and social welfare. This being so, the applicable standard . . . is that of rational justification.").

[46] *See In re Stewart*, 175 F.3d at 812.

[47] *Cohon ex rel. Bass v. New Mexico Dept. of Health*, 646 F.3d 717, 730 (10th Cir. 2011) (citing *Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992)).

[48] Section 342(e)(1) of title 11 provides: " In a case under chapter . . . 13 of this title of a debtor who is an individual, a creditor at any time may both file with the court and serve on the debtor a notice of address to be used to provide notice in such case to such creditor."

[49] Bankruptcy Rule 2002(g) provides: "Notices required to be mailed under Rule 2002 to a creditor, indenture trustee, or equity security holder shall be addressed as such entity or an authorized agent has directed in its last request filed in the particular case."

[50] *Cf. In re Trujillo*, 485 B.R. 238, 252 (Bankr. D. Colo. 2012) (explaining two primary goals of Congress in passing 11 U.S.C. § 362: (1) serving as a benefit to the debtor, and (2) providing protection to the creditor).

[51] Fed. R. Bankr. P. 2002(g)(1).

to include the correct address for each creditor, a creditor may have a change of the last known address or have counsel of its own that the creditor wishes to receive service in lieu of the address provided by the debtor. Notably, the statute and rule do not provide that the creditor, after designating an address to be served, must receive notice of *all* pleadings and documents filed in the particular case. Rather, as is the case with Debtors' counsel, if the creditor or creditor's counsel is a registered electronic filer with the Court, he or she will receive daily summaries or instant notice through the electronic filing system for each case in which he or she has entered an appearance.

Further, the Debtors fail to acknowledge their own ability to designate an address to be served. The Debtors provide the Court, and must keep up to date,[52] their current address. By doing so, any pleading, paper, or submission that must be sent to the Debtors will be sent to the address the Debtors provide. Finally, the Debtors chose their counsel for their pending bankruptcy cases. When notice is not required to be sent directly to the Debtors by Bankruptcy or Local Rules, Debtors' counsel is responsible for keeping his clients informed of their pending cases pursuant to the Utah Rules of Professional Conduct.[53] Based on the arguments of the Debtors and the facts presented, the Court concludes that the Debtors fail to show that any basis that exists for the classification between creditors and debtors is not rational, thus there is no equal protection violation.

### IV.    Conclusion

The Court lacks jurisdiction over this matter as the Debtors have not presented a case or controversy. However, as an alternative basis for this ruling, the Court finds that notice is proper

---

[52] *See* Local Rule 4002-1(a).

[53] Utah Rule of Professional Conduct 1.4(a)(3).

and it is not persuaded that there is a violation of due process or equal protection, thus the Court is inclined to sustain the Objection on the merits. Accordingly, the Court should sustain the Trustee's objection in each case.

_____END OF DOCUMENT_____

_____ooo0ooo_____
**SERVICE LIST**

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

David M. Cook
716 East 4500 South, Suite N240
Salt Lake City, UT 84107
    *Attorney for Debtors*

Kurt C Cotant
226 North 800 West
Orem, UT 84057
    *Debtor*

Dannie Davidson
105 N 750 E
Bountiful, UT 84010
    *Debtor*

Kevin R. Anderson
Ken Garff Bldg.
405 South Main Street, Suite 600
Salt Lake City, UT 84111
    *Chapter 13 Trustee*